245 P.3d 477

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Erin E. BRYAN, also known as Erin Bryan Merriam, Defendant–Appellant (CR. No. 05–1–0252).**

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Erin E. BRYAN, also known as Erin Bryan Merriam, Defendant–Appellant (CR. No. 05–1–2154).**

**Nos. 28718, 28719.**

Intermediate Court of Appeals of Hawai'i.

Nov. 30, 2010.

As Corrected Jan. 18, 2011.

Ronette M. Kawakami, Deputy Public Defender, on the briefs, for Defendant–Appellant.

Brian R. Vincent, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for Plaintiff–Appellee.

NAKAMURA, Chief Judge, LEONARD, and REIFURTH, JJ.

Opinion of the Court by NAKAMURA, C.J.

Defendant–Appellant Erin E. Bryan (Bryan) was charged with two separate offenses of Operating a Vehicle after License and Privilege have been Suspended or Revoked for Operating a Vehicle under the

Influence of an Intoxicant (OVLPSR–OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E–62 (2007).[1] HRS § 291E–62 provides for enhanced penalties for repeat offenders who have prior OVLPSR–OVUII convictions within five years of the charged offense.[2] Bryan had two prior qualifying OVLPSR–OVUII convictions which were not alleged in the complaints charging her with the instant OVLPSR–OVUII offenses. Bryan pleaded no contest to and was convicted of the instant OVLPSR–OVUII charges. Prior to sentencing, Bryan argued that she should be sentenced as a first-time OVLPSR–OVUII offender because Plaintiff-Appellee State of Hawai'i (State) had not alleged the prior OVLPSR–OVUII convictions in the complaints. The Circuit Court of the First Circuit (circuit court) rejected Bryan's argument and sentenced her as a third-time offender pursuant to the penalties set forth in HRS § 291E–62(b)(3).

As raised by the parties, the issue in this appeal is whether prior OVLPSR–OVUII convictions are an essential offense element that must be alleged in the charging instru-

ment in order to impose the enhanced penalties for repeat offenders under HRS § 291E–62. While this appeal was pending, the Hawai'i Supreme Court decided *State v. Wheeler*, 121 Hawai'i 383, 219 P.3d 1170 (2009). *Wheeler* raises the additional question of whether the OVLPSR–OVUII charges were sufficient where they failed to allege that Bryan operated or assumed actual physical control of a vehicle *upon a public way, street, road, or highway*. *Wheeler*, 121 Hawai'i at 390–96, 219 P.3d at 1177–83.

As to the *Wheeler* issue, we hold that under the liberal construction standard, one of the two OVLPSR–OVUII charges was sufficient and other one was not sufficient. As to the issue raised by the parties, we conclude that Hawai'i Supreme Court cases construing similarly-structured versions of the statute defining the offense of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), HRS § 291E–61, provide compelling authority that prior OVLPSR–OVUII convictions are an essential element that must be alleged in the charging instrument

---

1. At the time relevant to this case, HRS § 291E–62 (2007) provided:

   § **291E–62 Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.**(a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E–61 or 291E–61.5, or to part VII or part XIV of chapter 286 or section 200–81, 291–4, 291–4.4, 291–4.5, or 291–7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

   (1) In violation of any restrictions placed on the person's license; or
   (2) While the person's license or privilege to operate a vehicle remains suspended or revoked.

   (b) Any person convicted of violating this section shall be sentenced as follows:

   (1) For a first offense, or any offense not preceded within a five-year period by conviction for an offense under this section or under section 291–4.5 as that section was in effect on December 31, 2001:
   (A) A term of imprisonment of not less than three consecutive days but not more than thirty days;
   (B) A fine of not less than $250 but not more than $1,000; and

   (C) Revocation of license and privilege to operate a vehicle for an additional year;
   (2) For an offense that occurs within five years of a prior conviction for an offense under this section or under section 291–4.5 as that section was in effect on December 31, 2001:
   (A) Thirty days imprisonment;
   (B) A $1,000 fine; and
   (C) Revocation of license and privilege to operate a vehicle for an additional two years; and
   (3) For an offense that occurs within five years of two or more prior convictions for offenses under this section or under section 291–4.5 as that section was in effect on December 31, 2001:
   (A) One year imprisonment;
   (B) A $2,000 fine; and
   (C) Permanent revocation of the person's license and privilege to operate a vehicle. The period of revocation shall commence upon the release of the person from the period of imprisonment imposed pursuant to this section.

2. The prior convictions (within the five-year period) that trigger the enhanced penalties are convictions under both HRS § 291E–62 and its predecessor statute, HRS § 291–4.5, as the predecessor statute was in effect on December 31, 2001.

in order to impose the enhanced recidivist penalties under HRS § 291E–62.

## I. BACKGROUND

This appeal involves two separate cases, Cr. No. 05–1–0252 and Cr. No. 05–1–2154. In Cr. No. 05–1–0252, Bryan was charged by written complaint with Habitually Operating a Vehicle Under the Influence of an Intoxicant (Habitual OVUII) (Count I); OVLPSR–OVUII (Count II); leaving the scene of a motor vehicle accident involving property damage (Count III); and storage of an open container containing intoxicating liquor (Count IV). Counts II and IV provided as follows:

> COUNT II: On or about the 3rd day of September, 2004, in the City and County of Honolulu, State of Hawaii, ERIN E. BRYAN, also known as Erin Bryan Merriam, a person whose license and privilege to operate a vehicle has been revoked, suspended, or otherwise restricted pursuant to Section 291E–62 or to Part III or Section 291E–61, or 291E–61.5, or to Part VII or Part XIV of Chapter 286 or Section 200–81, 291–4, 291–4.4, 291–4.5, or 291–7 of the Hawaii Revised Statutes as those provisions were in effect on December 31, 2001, *did operate or assume actual physical control of any vehicle* while her license or privilege to operate a vehicle remained suspended or revoked, thereby committing the offense of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E–62(a)(2) of the Hawaii Revised Statutes.
>
> . . . .
>
> COUNT IV: On or about the 3rd day of September, 2004, in the City and County of Honolulu, State of Hawaii, ERIN E. BRYAN, also known as Erin Bryan Merriam, *did keep in a motor vehicle when it was upon a public street, road, or highway or at a scenic lookout,* a bottle containing intoxicating liquor which had been opened, or a seal broken, or the contents of which had been partially removed or fully removed, and such container was not kept in the trunk of the vehicle, or kept in some

other area of the vehicle not normally occupied by the driver or passengers, if the vehicle was not equipped with a trunk, thereby committing the offense of Storage of Opened Container Containing Intoxicating Liquor or Comsumption (sic) at Scenic Lookout, in violation of Section 291–3.3(a) of the Hawaii Revised Statutes.

(Emphases added.)

The record reflects that the charges in Cr. No. 05–1–0252 stem from an incident in which Bryan, while driving her car, collided with another vehicle, fled the scene, and was subsequently spotted by a police officer as Bryan was making a left turn from Kaukonahua Road onto Kaamooloa Road in the City and County of Honolulu. The police officer activated his strobe light and siren and effected a traffic stop of Bryan's car in the area of Kaamooloa Road and Kuewa Drive. When Bryan opened her door, the police officer detected a strong odor of alcohol coming from the interior of the car, and he later found an open container on the floor of the car. The container's contents appeared to have spilled on the car's floor, causing the strong odor. Bryan's eyes appeared bloodshot, red, and glassy; there was an odor of alcohol on her breath; she had difficulty walking; and she showed signs of impairment in performing the field sobriety tests. A criminal history check revealed that Bryan had three prior convictions for driving under the influence of intoxicating liquor.

In Cr. No. 05–1–2154, Bryan was charged by complaint with a single count of OVLPSR–OVUII, which provided as follows:

> On or about the 8th day of October, 2004, in the City and County of Honolulu, State of Hawaii, ERIN BRYAN, also known as Erin Bryan Merriam, a person whose license and privilege to operate a vehicle had been revoked, suspended, or otherwise restricted pursuant to Section 291E–62, Part III or Section 291E–61, or to Part VII or Part XIV OF (sic) Chapter 286 or Section 200–81, 291–4, 291–4.4, 291–4.5 or 291–7 of the Hawaii Revised Statutes as those provisions were in effect on December 31, 2001, did operate or assume actual physical control of any vehicle, in violation of any restrictions placed on her

license, and/or did operate or assume actual physical control of any vehicle while her license or privilege to operate a vehicle remained suspended or revoked, thereby committing the offense of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant in violation of Section 291E–62(a)(1) and/or 291E–62(a)(2) of the Hawaii Revised Statutes.

Bryan had two prior convictions for OVLPSR–OVUII that were within five years of dates of the charged OVLPSR–OVUII offenses in Cr. No. 05–1–0252 and Cr. No. 05–1–2154. On April 11, 2007, Bryan pleaded no contest to all counts in Cr. No. 05–1–0252 and Cr. No. 05–1–2154.[3] During the plea colloquy, Bryan stipulated to a factual basis for the no-contest pleas and agreed that if the case went to trial, the prosecution would have sufficient evidence to prove the charges.

Prior to sentencing, Bryan filed sentencing memoranda in which she argued that she must be sentenced as a first-time offender for the OVLPSR–OVUII charges. Bryan contended that the prior OVLPSR–OVUII convictions were an essential element that the State was required, but had failed, to allege in the complaints in order to impose the enhanced penalties for a repeat offender. The State filed memoranda in opposition to Bryan's arguments.

At sentencing, the circuit court rejected Bryan's arguments and sentenced Bryan to the mandatory penalties applicable to a third-time offender on each of the OVLPSR–OVUII charges: a one-year term of imprisonment, a $2,000 fine, and permanent revocation of her license.[4] With respect to the other counts in Cr. No. 05–1–0252, the circuit court sentenced Bryan to five years of probation with a special condition of ten days of imprisonment for Count I, which charged her with Habitual OVUII; ten days of imprisonment for Count III, which charged her with leaving the scene of a motor vehicle accident

involving property damage; and a $1,000 fine on Count IV, which charged her with storage of an open container containing intoxicating liquor. The circuit court ordered that the sentences on all the counts be served concurrently with each other.

The circuit court entered its Judgment on Counts II, III, and IV on July 31, 2007, and its Amended Judgment on Count I on October 22, 2007, in Cr. No. 05–1–0252, and it entered its Judgment in Cr. No. 05–1–2154 on July 31, 2007. Bryan appeals from these judgments.[5] The circuit court granted Bryan's motions for bail pending appeal on the OVLPSR–OVUII counts.

## II. DISCUSSION

### A.

We first address the question of the sufficiency of the OVLPSR–OVUII charges raised by *Wheeler*.

### 1.

In *Wheeler*, 121 Hawai'i at 385, 219 P.3d at 1172, the defendant was prosecuted for OVUII, in violation of Hawaii Revised Statutes (HRS) § 291E–61(a)(1) (2007). That section provides:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

HRS § 291E–1 (2007), the definitions section for HRS Chapter 291E, provides, in relevant part, that the term " '[o]perate' means to drive or assume actual physical control of a vehicle *upon a public way, street, road, or highway* . . . ." (Emphasis added.)

---

**3.** The Honorable Victoria S. Marks presided over Bryan's no-contest pleas.

**4.** The Honorable Virginia L. Crandall presided over Bryan's sentencing.

**5.** We granted Bryan's motions to consolidate her appeals from the judgments in Cr. No. 05–1–0252 and Cr. No. 05–1–2154, and we consolidated the appeals under Appeal No. 28718.

■ The oral charge in *Wheeler* tracked the language of HRS § 291E–61(a)(1) (2007) and alleged that Wheeler "did operate or assume actual physical control of a ... vehicle." *Wheeler*, 121 Hawai'i at 386–87, 219 P.3d at 1173–74. The oral charge did not, however, include the statutory definition of "operate," namely, that Wheeler drove or assumed actual physical control of a vehicle *"upon a public way, street, road, or highway."* HRS § 291E–1 (emphasis added). The "upon a public way, street, road, or highway" language of HRS § 291E–1 (hereinafter, the "public-road requirement") creates a locational limitation for the OVUII offense. *Wheeler*, 121 Hawai'i at 391–93, 219 P.3d at 1178–80.

The supreme court held that the public-road requirement, which is contained in the statutory definition of the term "operate," is an attendant circumstance of the OVUII offense and therefore is an essential element that had to be charged against Wheeler. *Id.* The supreme court further held that merely alleging that Wheeler did "operate" a vehicle was insufficient to charge the public-road requirement, an essential element of the offense. *Id.* at 393–96, 219 P.3d at 1180–83. The court's decision was based on the unusual statutory definition of "operate," which imposes a location requirement that does not comport with the commonly understood meaning of the term "operate." *Id.* at 394, 219 P.3d at 1181. The court noted that the common definition of the term "operate" does not "geographically limit where the conduct must take place." *Id.* Thus, the statutory definition of operate "is neither 'unmistakeable' nor 'readily comprehensible to persons of common understanding.'" *Id.* (citations omitted). Accordingly, the court concluded that alleging that Wheeler did "operate" a vehicle did not provide adequate notice to

Wheeler that the prosecution was required to prove the public-road requirement as an element of the charged OVUII offense. *Id.* at 395, 219 P.3d at 1182.[6]

Wheeler objected to the sufficiency of the charge before trial. *Id.* at 387, 219 P.3d 1170. Because Wheeler timely objected, the supreme court did not apply the liberal construction rule used in cases where a defendant fails to timely challenge the sufficiency of the charge. *Id.* at 399–400, 219 P.3d at 1186–87. The supreme court noted that the distinction between a timely and untimely objection to the sufficiency of the charge was "significant since this court has applied different principles depending on whether or not an objection was timely raised in the trial court." *Id.* at 399, 219 P.3d at 1186. The court specifically reserved, and did not address, the question of whether it would have found the OVUII charge against Wheeler to be insufficient under the liberal construction standard. *Id.* at 400 n. 19, 219 P.3d at 1187 n. 19.

2.

■ The same statutory definition of "operate" applicable to the OVUII offense in *Wheeler* applies to the OVLPSR–OVUII offenses against Bryan in this case. *See* HRS § 291E–1 (providing that "[a]s used in [HRS Chapter 291E]," the statutory definitions, including that of the term "operate," apply "unless the context otherwise requires"). Like the OVUII charge considered in *Wheeler*, the OVLPSR–OVUII charges in this case alleged that Bryan "did operate or assume actual physical control of" a vehicle but did not include the statutory definition of "operate" and allege that such conduct took place "upon a public way, street, road, or highway." Bryan did not challenge the sufficien-

**6.** The Hawai'i Supreme Court explained that the lack of conformity between the commonly understood meaning of the term "operate" and its statutory definition distinguished *Wheeler* from the United States Supreme Court decision in *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). *Wheeler*, 121 Hawai'i at 394, 219 P.3d at 1181. In *Hamling*, the United States Supreme Court rejected the defendant's claim that the indictment was insufficient because the government used the term "obscene" in the indictment without pleading the

component elements of the constitutional definition of obscenity. *Hamling*, 418 U.S. at 117–19, 94 S.Ct. 2887. Unlike in *Wheeler*, there is no comparable lack of conformity between the commonly understood meaning of "obscenity" and its constitutional definition. In distinguishing *Hamling*, the Hawai'i Supreme Court observed that "it is significant that the term 'obscenity' itself provided a person of common understanding with some notice of the nature of the prohibited conduct." *Wheeler*, 121 Hawai'i at 394, 219 P.3d at 1181.

cy of the OVLPSR–OVUII charges in the circuit court on the ground that they failed to allege the public-road requirement, and Bryan does raise such a challenge on appeal. However, we have an obligation to *sua sponte* determine whether we have jurisdiction. *See Ditto v. McCurdy,* 103 Hawai‘i 153, 157, 80 P.3d 974, 978 (2003). And under Hawai‘i precedent, the sufficiency of a charge is regarded as "jurisdictional." *State v. Cummings,* 101 Hawai‘i 139, 142–43, 63 P.3d 1109, 1112–13 (2003).[7]

■ As noted, Bryan did not timely object to the sufficiency of the OVLPSR–OVUII charges on the ground that they failed to allege the public-road requirement. Thus, Bryan's case is different from *Wheeler* where a timely objection to the sufficiency of the charge was raised. We apply the liberal construction rule in evaluating the sufficiency of Bryan's OVLPSR–OVUII charges. The court in *Wheeler* explained this rule as follows:

> Under the "*Motta/Wells* post-conviction liberal construction rule," we liberally construe charges challenged for the first time on appeal. *See [State v.] Merino,* 81 Hawai‘i [198,] 212, 915 P.2d [672,] 686 [ (1996) ]; *[State v.] Wells,* 78 Hawai‘i [373,] 381, 894 P.2d [70,] 78 [ (1995) ]; *[State v.] Elliott,* 77 Hawai‘i [309,] 311, 884 P.2d [372,] 374 [ (1994) ]; *State v. Motta,* 66 Haw. 89, 90, 657 P.2d 1019, 1019–20 (1983). Under this approach, there is a "presumption of validity," *[State v.] Sprattling,* 99 Hawai‘i [312,] 318, 55 P.3d [276,] 282 [ (2002) ], for charges challenged subsequent to a conviction. In those circumstances, this court will "not reverse a conviction based upon a defective indictment [or complaint] unless the defendant can show prejudice or that the indictment [or complaint] cannot within reason be construed to charge a crime." *Merino,* 81

Hawai‘i at 212, 915 P.2d at 686 (citation omitted).

*Id.* at 399–400, 219 P.3d at 1186–87 (some brackets in original).

■ In applying the liberal construction rule, the Hawai‘i Supreme Court has recognized that "[o]ne way in which an otherwise deficient count can be reasonably construed to charge a crime is by an examination of the charge as a whole." *State v. Elliott,* 77 Hawai‘i 309, 312, 884 P.2d 372, 375 (1994) (citing *State v. Schroeder,* 76 Hawai‘i 517, 530, 880 P.2d 192, 205 (1994) (construing kidnapping and robbery counts together and as a whole and holding that the allegation that the defendant had used a handgun in the robbery count cured the failure to include this required allegation in the kidnapping count)).

Here, although the Count II (OVLPSR–OVUII) charge in Cr. No. 05–1–0252 did not allege the public-road requirement, the Count IV (storage of an open container containing intoxicating liquor) charge in the same complaint alleged that Bryan did keep the prohibited open container in "a motor vehicle when it was upon a public street, road, or highway or at a scenic lookout[.]" Applying the liberal construction rule, when Counts II and IV are read together, the complaint can "within reason be construed" to allege the public-road requirement and to charge the crime of OVLPSR–OVUII. *See Wheeler,* 121 Hawai‘i at 400, 219 P.3d at 1187. Both Counts II and IV refer to conduct committed by Bryan on or about September 3, 2004, in the City and County of Honolulu, that involved Bryan's use of a vehicle. Construing Counts II and IV together, it is reasonable to infer that both counts refer to the same incident. "[T]he purpose of an indictment [or a complaint] is to apprise the accused of the charges against him, so that he may adequately prepare his defense, and to describe the crime charged with suffi-

---

7. In *Cummings,* the Hawai‘i Supreme Court stated that "a defect in a complaint is not one of mere form, which is waivable, nor simply one of notice, which may be deemed harmless if a defendant was actually aware of the nature of the accusation against him or her, but, rather, is one of substantive subject matter jurisdiction, which may not be waived or dispensed with, and that is

*per se* prejudicial". *Cummings,* 101 Hawai‘i at 143, 63 P.3d at 1113 (internal quotation marks and citations omitted); *but see United States v. Cotton,* 535 U.S. 625, 630–31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (holding that defects in an indictment do not deprive a court of jurisdiction).

cient specificity to enable him to protect against future jeopardy for the same offense." *State v. Vanstory*, 91 Hawai'i 33, 44, 979 P.2d 1059, 1070 (1999) (internal quotation marks and citation omitted). Under the liberal construction standard, we conclude that the complaint in Cr. No. 05–1–0252 sufficiently alleged the OVLPSR–OVUII offense.[8]

On the other hand, in Cr. No. 05–1–2154, Bryan was charged by complaint with a single count of OVLPSR–OVUII. There was no companion count alleging the public-road requirement. We conclude that there is no basis for reasonably construing the complaint in Cr. No. 05–1–2154 to allege the public-road requirement, which is an essential element of the OVLPSR–OVUII offense. *See Wheeler*, 121 Hawai'i at 390–96, 219 P.3d at 1177–83. Accordingly, we vacate the Judgment entered in Cr. No. 05–1–2154, and we remand the case with instructions to dismiss the complaint in that case without prejudice.

8. We note that the Count I (Habitual OVUII) charge in Cr. No. 05–1–0252 also failed to allege the public-road requirement. However, applying the same analysis, we conclude that under the liberal construction rule, when Count I is construed together with Count IV, the complaint sufficiently alleged the Habitual OVUII offense. On appeal, Bryan did not challenge her conviction or sentence on the Count I (Habitual OVUII) offense, and we affirm the circuit court's Amended Judgment on Count I.

9. HRS § 291E–61 (Supp.2001) provided in relevant part:

§ 291E–61 Operating a vehicle under the influence of an intoxicant. (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

(2) While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;

(3) With .08 or more grams of alcohol per two hundred ten liters of breath; or

(4) With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

(b) A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced as follows without possibility of probation or suspension of sentence:

(1) For the first offense, or any offense not preceded within a five-year period by a

**B.**

We now turn to the question raised by the parties on appeal, namely, whether prior OVLPSR–OVUII convictions are an essential offense element that must be alleged in the charging instrument in order to impose the enhanced penalties for repeat offenders under HRS § 291E–62. We answer that question in the affirmative. We conclude that our decision is controlled by Hawai'i Supreme Court cases construing similarly-structured versions of HRS § 291E–61, the OVUII offense statute. We therefore begin with a discussion of those precedents.

**1.**

In *State v. Domingues*, 106 Hawai'i 480, 107 P.3d 409 (2005), the Hawai'i Supreme Court construed the version of the OVUII statute that took effect on January 1, 2002, HRS § 291E–61 (Supp.2001).[9] The court de-

conviction for an offense under this section or section 291E04(a):

(A) A fourteen-hour minimum substance abuse rehabilitation program . . . ;

(B) Ninety-day prompt suspension of license and privilege to operate a vehicle . . . ; and

(C) Any one or more of the following:

(i) Seventy-two hours of community service work;

(ii) Not less than forty-eight hours and not more than five days of imprisonment; or

(iii) A fine of not less than $150 but not more than $1,000.

(2) For an offense that occurs within five years of a prior conviction for an offense under this section or 291E–4(a):

(A) Prompt suspension of license and privilege to operate a vehicle for a period of one year . . . ;

(B) Either one of the following:

(i) Not less than two hundred forty hours of community service work; or

(ii) Not less than five days but not more than fourteen days of imprisonment . . . ; and

(C) A fine of not less than $500 but not more than $1,500.

(3) For an offense that occurs within five years of two prior convictions for offenses under this section or section 291E–4(a):

(A) A fine of not less than $500 but not more than $2,500;

(B) Revocation of license and privilege to operate a vehicle for a period not less than one year but not more than five years; and

(C) Not less than ten days but not more than thirty days imprisonment. . . .

(4) For an offense that occurs within ten years of three or more prior convictions for of-

termined that HRS § 291E–61 was a "hierarchy" of separate offenses (three petty misdemeanors and one class C felony) and that qualifying prior convictions were an essential element of the offenses imposing enhanced penalties. *Domingues,* 106 Hawai'i at 487–88, 107 P.3d at 416–17. The supreme court concluded that the "prefatory language of HRS § 291E–61(b)(1) through 291E–61(b)(4)," which included language requiring qualifying prior convictions, "describes attendant circumstances that are intrinsic to and 'enmeshed' in the hierarchy of offenses that HRS § 291E–61 as a whole describes." *Id.* at 487, 107 P.3d at 416 (citation omitted).[10]

In support of its conclusion, the court noted that an offense under HRS § 291E–61(b)(4) (Supp.2001) was a felony, which would entitle the defendant to a jury trial, "whereas the offenses described in HRS § 291E–61(b)(1) through (3) [ (Supp.2001) ] would appear to be petty misdemeanors, as to which no right to a jury trial would attach." *Id.* at 487 n. 8, 107 P.3d at 416 n. 8. The court explained:

> If the prefatory language of HRS §§ 291E–61(b)(1) through (b)(4) [ (Supp. 2001) ] were mere 'sentencing factors' that the prosecution was not obliged to allege and prove to the trier of fact, ... then defendants charged with HRS § 291E–61 [ (Supp.2001) ] offenses would have no idea

what the particular offense was that they were charged with committing or whether they were entitled to a jury trial.

*Id.* According to the court's analysis, because qualifying prior convictions were an essential element of and intrinsic to the OVUII offenses imposing enhanced penalties under HRS § 291E–61, they " 'must be alleged in the charging instrument in order to give the defendant notice that they will be relied on to prove the defendant's guilt and support the sentence to be imposed, and they must be determined by the trier of fact.' " *Id.* at 487–88, 107 P.3d at 416–17 (block quote format, citations, and brackets omitted).

Two years after *Domingues,* the Hawai'i Supreme Court had the opportunity to address whether *Domingues*'s analysis of HRS § 291E–61 (Supp.2001) was still valid. In *State v. Kekuewa,* 114 Hawai'i 411, 163 P.3d 1148 (2007), the Hawai'i Supreme Court rejected the State's request that the court "overrule *Domingues* to the extent that it characterizes the provisions set forth in HRS § 291E–61(b)(1)–(4) (Supp.2002) [11] as attendant circumstances." *Id.* at 419, 163 P.3d at 1156. In support of its refusal to overturn *Domingues,* the court noted that *Domingues* "recognized that construing § 291E–61(b)(1)–(4) (Supp.2002) as extrinsic sentencing factors[,]" rather than attendant circumstances that were required to be alleged in the

---

fenses under this section, section 707–702.5, or section 291E–4(a):

(A) Mandatory revocation of license and privilege to operate a vehicle for a period not less than one year but not more than five years;

(B) Not less than ten days imprisonment ...; and

(C) Referral to a substance abuse counselor as provided in subsection (d).

An offense under this paragraph is a class C felony.

....

10. In *Domingues,* the Hawai'i Supreme Court construed HRS § 291E–61 (Supp.2001) in the context of a defendant charged with habitually driving under the influence of intoxicating liquor under HRS § 291–4.4 (Supp.2000). The trial court had granted the defendant's motion to dismiss this charge on the ground that HRS § 291–4.4 (Supp.2000), which had been in effect when the defendant committed the offense, had been repealed without a general savings clause before

the defendant was indicted. Effective January 1, 2002, the legislature repealed HRS § 291–4.4 (Supp.2000) and enacted HRS § 291E–61 (Supp. 2001). The supreme court held that because HRS § 291E–61 (Supp.2001) was a substantial reenactment of HRS § 291–4.4 (Supp.2000), prosecution of the defendant under the repealed statute was permissible. *Domingues,* 106 Hawai'i at 484–88, 107 P.3d at 413–17.

11. We note that the court in *Kekuewa* cites to "Supp.2002" as the version of HRS § 291E–61 construed in *Domingues,* whereas the court in *Domingues* construed the Supp.2001 version of HRS § 291E–61. In any event, the difference between the Supp.2001 and Supp.2002 versions of HRS § 291E–61 is not material to the court's analysis in either case. The only difference between these two versions was that in the Supp. 2002 version, a $25 surcharge to be deposited into the neurotrama special fund was added to the penalties set forth in HRS § 291E–61(b)(1) through (b)(4). *See* 2002 Haw. Sess. Laws Act 160, § 11 at 566–67.

charging instrument, "would have raised serious concerns regarding the statute's constitutionality, given a defendant's inability to ascertain the class and grade of the offense charged (i.e., a petty misdemeanor or a class C felony) and whether the right to a jury has or has not attached." *Id.* at 420, 163 P.3d at 1157.

In *State v. Ruggiero*, 114 Hawai'i 227, 160 P.3d 703 (2007), the Hawai'i Supreme Court considered whether the *Domingues* analysis of HRS § 291E–61 retained its validity after the Hawai'i Legislature's amendment of HRS § 291E–61 in 2003. Significant to our analysis in Bryan's case, the 2003 legislative amendments excised the class C felony offense from HRS § 291E–61(b)(4) and created a separate offense of Habitual OVUII codified at HRS § 291E–61.5. *See* 2003 Haw. Sess. Laws Act 71, §§ 1 and 3 at 123–26.[12] However, the 2003 legislative amendments did not change the essential language of HRS § 291E–61(a) and (b)(1) to (3) (Supp. 2001) that was analyzed by the court in *Domingues*.[13] The Hawai'i Supreme Court declined to overrule its analysis in *Domingues* in light of the 2003 legislative amendments and held:

> The *Domingues* analysis ... retains its vitality, inasmuch as considerations of due process continue to require that the aggravating factors set forth in HRS § 291E–61(b)—all of which remain "attendant circumstances that are intrinsic to and 'enmeshed' in the hierarchy of offenses that HRS § 291E–61 as a whole describes," *Domingues,* 106 Hawai'i at 487, 107 P.3d at 416—be alleged in the charging instrument and proven beyond a reasonable doubt at trial.

*Id.* at 238, 160 P.3d at 714 (footnote omitted).

### 2.

HRS § 291E–61 and HRS § 291E–62 are companion provisions in the same chapter of the HRS. In addition, the overall statutory framework of HRS § 291E–62, and its provisions setting forth the applicable penalties in particular, are closely analogous to the structure of HRS § 291E–61 (Supp.2001) construed in *Domingues.* Both HRS § 291E–61 (Supp.2001) and HRS § 291E–62 provide for an escalating degree of punishment based on whether the current offense was committed within a prescribed time period of one or more prior convictions. Moreover, like HRS § 291E–61 (Supp.2001) construed in *Domingues,* HRS § 291E–62(b) mixes OVLPSR–OVUII offenses that would entitle the defendant to a jury trial with those that would not. The penalty for a violation of HRS § 291E–62(b)(3) is one year of imprisonment, which would entitle a defendant to a jury trial, while the penalty for violations of HRS § 291E–62(b)(1) and (2) would be petty misdemeanors for which no right to a jury trial would appear to attach. Thus, construing HRS § 291E–62 to mean that prior qualifying convictions were simply sentencing factors that need not be alleged in the charging instrument would raise due process concerns regarding adequate notice and a defendant's ability to ascertain whether he or she had a right to a jury trial. *See Domingues,* 106 Hawai'i at 487 & n. 8, 107 P.3d at 416 & n. 8; *Kekuewa,* 114 Hawai'i at 420, 163 P.3d at 1157. This concern was an important reason why the supreme court in *Domingues* construed prior convictions for purposes of HRS § 291E–61 (Supp.2001) to be attendant circumstances that had to be alleged in the charging instrument. *See Kekuewa,* 114 Hawai'i at 420–21, 163 P.3d at 1157–58.

We conclude that the supreme court's analysis in *Domingues, Kekuewa,* and *Ruggiero* controls our decision in this case. Applying the supreme court's analysis in these cases to

---

12. In addition to excising the class C felony offense from HRS § 291E–61(b)(4) and codifying it as a different statute, the 2003 legislative amendments renumbered the existing HRS § 291E–61(b)(5) as (b)(4) and amended subsection (c) to make HRS § 291E–61(b)(1) to (3) status offenses. *See* 2003 Haw. Sess. Laws Act 71, §§ 1 and 3 at 123–26; *Ruggiero,* 114 Hawai'i at 234 n. 10, 160 P.3d at 710 n. 10.

13. The only difference between the language of HRS §§ 291E–61(a) and (b)(1) to (3) (Supp.2001) construed in *Domingues* and the language of those provisions after the 2003 legislative amendments was the addition of the $25 neurotrama surcharge to the penalties set forth in HRS § 291E–61(b)(1) through (b)(3). *See* footnote 11, *supra;* 2002 Haw. Sess. Laws Act 160, § 11 at 566–67; 2003 Haw. Sess. Laws Act 71, § 3 at 124–26.

HRS § 291E–62, we hold that qualifying prior OVLPSR–OVUII convictions are attendant circumstances and an essential offense element that must be alleged in the charging instrument in order to impose the enhanced penalties for repeat offenders under HRS § 291E–62. *See also* HRS § 1–16 (2009) ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another.").

### 3.

The State concedes that prior qualifying convictions must be alleged in the charging instrument in order to sentence the defendant as a third-time offender under HRS § 291E–62(b)(3), because that subsection provides for one year of imprisonment, which would entitle the defendant to a jury trial. However, the State contends that a prior qualifying conviction would not be an essential element that must be alleged in the charging instrument for purposes of HRS § 291E–62(b)(2), because that subsection provides for thirty days of imprisonment for a second-time offender, making the offense a petty misdemeanor that would not require a jury trial. Thus, the State contends that although the circuit court did not have the authority to sentence Bryan as a third-time offender under HRS § 291E–62(b)(3), the circuit court does have the authority to sentence Bryan as a second-time offender under HRS § 291E–62(b)(2).

We decline to parse HRS § 291E–62(b) in the manner suggested by the State and to hold that prior qualifying convictions constitute an essential offense element for purposes of HRS § 291E–62(b)(3) but not for purposes of HRS § 291E–62(b)(2). In *Ruggiero*, the Hawai'i Supreme Court construed HRS § 291E–61 after the 2003 legislative amendments had excised the class C felony offense and had left HRS § 291E–61 with only petty misdemeanor offenses. The court affirmed its analysis in *Domingues* that qualifying prior convictions constituted an attendant circumstance and an essential element of the offenses imposing enhanced penalties that were required to be alleged in the charging instrument. *Ruggiero*, 114 Hawai'i at 237–39, 160 P.3d at 713–14.

Accordingly, in Cr. No. 05–1–0252, we vacate Bryan's conviction and sentence as a third-time OVLPSR–OVUII offender on Count II, and we remand that case for entry of a judgment of conviction and resentencing of Bryan as a first-time offender under HRS §§ 291E–62 (a)(2) and (b)(1) [14] on that count. *See Kekuewa*, 114 Hawai'i at 423–26, 163 P.3d at 1160–63; *Ruggiero*, 114 Hawai'i at 240–41, 160 P.3d at 716–17.

### III. CONCLUSION

Based on the foregoing analysis, with respect to Cr. No. 05–1–2154, we vacate the circuit court's July 31, 2007, Judgement, and we remand that case with instructions to dismiss the complaint in Cr. No. 05–1–2154 without prejudice. With respect to Cr. No. 05–1–0252, we: 1) vacate the portion of the circuit court's July 31, 2007, Judgment on Counts II, III, and IV that convicted and sentenced Bryan for the Count II offense of OVLPSR–OVUII as a third-time offender, and we remand that case for entry of a judgment of conviction and resentencing of Bryan as a first-time offender under HRS § 291E–62(a)(2) and (b)(1) on Count II; 2) affirm the portion of circuit court's July 31, 2007, Judgment on Counts II, III, and IV that entered judgment on Counts III and IV; and 3) affirm the circuit court's October 22, 2007, Amended Judgment on Count I.

---

**14.** HRS § 291E–62(b)(1) applies to both first-time offenders and offenders without a prior qualifying conviction.